STATE of Maine

v.

**Brian McINTYRE.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 13, 1989.

Decided July 6, 1989.

Mary Tousignant, Dist. Atty., Anne Jordan, Asst. Dist. Atty., Alfred, for the State.

James A. Brunelle, Brunelle & Gardner, Saco, for defendant.

Before McKUSICK, C.J., and
WATHEN, GLASSMAN, CLIFFORD,
HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Prior to commencement of his trial in the District Court (Biddeford, *Gaulin, J.*) on four separate charges of criminal mischief, 17–A M.R.S.A. § 806 (1983), for damaging or destroying mailboxes in Kennebunkport, defendant Brian McIntyre moved to dismiss those charges. He claimed as a ground for dismissal that the charges arose out of the same criminal episode as a similar charge for damaging or destroying a mailbox in nearby Biddeford. Defendant had previously pleaded guilty to the Biddeford charge in the District Court at Biddeford, and he argued that under 17–A M.R.S.A. § 14 (1983) he could not later be subjected to trial on the Kennebunkport charges.[1] The presiding judge denied defendant's motion to dismiss the Kennebunkport charges, and, after trial, found defendant guilty on all of them. On appeal the Superior Court (York County, *Cole, J.*) affirmed the judgments, as do we.

In support of his motion to dismiss the Kennebunkport charges, defendant points

to the stipulation of counsel that 1) the Biddeford offense and the Kennebunkport offenses all involved the damage or destruction of mailboxes and 2) all the offenses occurred on the same night, April 2, 1988. That is not enough. Similar offenses committed by the same individual cannot be said to arise out of a "single criminal episode," within the plain and everyday meaning of that statutory term, merely because they take place on the same night in adjoining towns. Therefore, assuming, without deciding, that section 14 applies in circumstances as here where the first offense was disposed of without trial, we hold that the later trial of the Kennebunkport offenses was not prohibited by the Criminal Code.

The entry is:

Judgments affirmed.

All concurring.

**1.** 17–A M.R.S.A. § 14 (1983) provides:

A defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and were within the jurisdiction of the same court and within the same venue, unless the court, on

application of the prosecuting attorney or of the defendant or on its own motion, orders any such charge to be tried separately if it is satisfied that justice so requires.

The parties stipulated that the Assistant District Attorney representing the State on the Biddeford charge knew about the Kennebunkport offenses when defendant pleaded guilty to that charge.